IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY HOSKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>BAYER CORPORATION AND BUSINESS SERVICES LONG TERM DISABILITY PLAN,<br><br>    Defendant.<br>_____/ | No. C-06-7589 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION RE: STANDARD OF REVIEW; VACATING HEARING** |

    Before the Court is plaintiff's "Motion re: Standard of Review," filed August 17, 2007, by which plaintiff seeks an order that the Court will review de novo defendant's decision to terminate plaintiff's long-term disability benefits. Defendant Bayer Corporation Disability Plans has filed opposition to the motion; plaintiff has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, hereby VACATES the September 21, 2007 hearing on the matter, and rules as follows.

    Where, as here, an employee benefit plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), the plan administrator's decision to deny benefits "is to be reviewed under a de novo standard unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Where an

1  ERISA plan unambiguously confers discretionary authority on the plan administrator, a
2  denial of benefits under the plan is reviewed for abuse of discretion.  See Abatie v. Alta
3  Health Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (en banc) (citations omitted).

4  The parties here do not dispute that the language of the plan at issue confers
5  discretion on the plan administrator.  (See Pl.'s Mot. at 9:23-24; Def.'s Opp'n at 9:12-15.)
6  The plan at issue provides, in relevant part: "The Company [Bayer Corporation] shall have
7  the exclusive right to make . . . the determination of the eligibility for and the amount of any
8  benefit payable under the Plans.  The Company shall have the exclusive discretionary right
9  to interpret the terms and provisions of the Plans . . . ." (See Def.'s First Supp. Disclosure
10 at BA 0407.)  This language unambiguously confers discretion on the administrator.  See,
11 e.g., Grosz-Saloman v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1158-59 (9th Cir. 2001)
12 (holding discretion was conferred on administrator where plan gave administrator authority
13 to "construe and interpret" plan and make claim determinations).  Consequently,
14 defendant's benefit decision under the plan at issue will be reviewed for abuse of
15 discretion.  See Abatie, 458 F.3d at 963.

16 Contrary to plaintiff's argument, the existence of a conflict of interest does not raise
17 the standard to de novo review; rather, "[a]buse of discretion review applies to a discretion-
18 granting plan even if the administrator has a conflict of interest."  See Abatie, 458 F.3d at
19 965.  Any evidence of a conflict of interest, including a "structural conflict of interest," i.e.,
20 where the plan administrator both administers the plan and funds it, see id., is weighed as
21 part of the abuse of discretion review.  See id. at 967, 969 (observing "district courts are
22 well equipped to consider the particulars of a conflict of interest, along with all the other
23 facts and circumstances, to determine whether an abuse of discretion has occurred").[1]
24 Accordingly, the Court will take any evidence of a conflict of interest into consideration
25 when conducting a review for abuse of discretion.

---

[1] The Court need not resolve at this time the effect of the particular funding structure for the plan at issue.  The Court will consider any evidence the parties submit in that regard in determining the merits of the dispute.

1  Further, contrary to plaintiff's argument, the procedural irregularities cited by plaintiff
2 are not "so substantial as to alter the standard of review." See Abatie, 458 F.3d at 971
3 (distinguishing Blau v. Del Monte Corp., 748 F.2d 1348 (9th Cir. 1984), wherein plan
4 administrator "kept the policy details secret from the employees, offered them no claims
5 procedure, [ ] did not provide them in writing the relevant plan information," and, "in other
6 words, . . . failed to comply with virtually every applicable mandate of ERISA") (internal
7 quotation and citation omitted)).  Similarly, plaintiff fails to identify the type of "wholesale
8 and flagrant violations of . . . procedural requirements" that are deemed to constitute a
9 failure to exercise discretion.  Cf. id. at 971-72 (holding "[benefits] decisions taken in
10 wholesale violation of ERISA procedures do not fall within an administrator's discretionary
11 authority").  Any procedural irregularities of the nature cited by plaintiff will be considered as
12 a factor in the Court's review of the denial under the abuse of discretion standard.  See id.
13 at 972.

## CONCLUSION

Accordingly, for the reasons set forth above, plaintiff's motion is hereby DENIED.  The Court will review defendant's decision regarding plaintiff's disability benefits for abuse of discretion, taking into consideration any evidence of conflict of interest and procedural irregularities.

**IT IS SO ORDERED.**

Dated: October 1, 2007

MAXINE M. CHESNEY
United States District Judge

3